*FILED*

2010 OCT -8 AM 10: 20

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

BY

DEPUTY

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL DEPARTMENT

**RAMONA CURNAL**
**and those similarly situated,**

**Plaintiff,**

vs.

**LVNV FUNDING LLC**
**Registered Agent: The Corporation Trust Center**
**1209 Orange Street**
**Wilmington, Delaware 19801,**

**Defendant.**

Case Number: 10 CV 1667

Division: 6

**Class Action Petition**

**Chapter 60**

**Jury Trial Demanded**

## PETITION

Comes now Plaintiff Ramona Curnal, through counsel, on behalf of herself and others similarly situated, and for her petition against defendant, states as follows:

### Preliminary Statement

1.      This is a class action for damages brought by Plaintiff Ramona Curnal against Defendant LVNV Funding LLC requesting and alleging the following: (1) a Declaratory Judgment declaring that defendant is an assignee of supervised loans who was collecting without a license and with no legal authority prior to October 6, 2009; (2) the actions of demanding and collecting funds from consumers by defendant violated the Kansas Consumer Protection Act §50-627 et seq.; (3) the actions of the defendant constituted wrongful garnishment; (4) the actions of the defendant constituted abuse of process; and (5) the actions of the defendant constituted conversion. All of these allegations arise out of the defendant's filing of thousands of lawsuits against Kansas consumers without legal authority and based upon alleged debts that were legally unenforceable. Furthermore, Defendant LVNV Funding LLC was collecting debt in

1

EXHIBIT

A

tabbies®

an unlawful manner, illegally representing its authority to collect and wrongfully garnishing wages on assigned debt, which caused financial damage to Kansas consumers.

### Jurisdiction and Venue

2.　　This Court has jurisdiction of this cause in that all collection efforts were taken in the State of Kansas using Kansas courts.  Venue and personal jurisdiction are proper in this Court because LVNV Funding LLC chose the venue in its attempt to collect the debt against plaintiff and its other efforts to collect debts in Wyandotte County.

### Parties

3.　　Plaintiff Ramona Curnal is a natural person residing in Wyandotte County, Kansas.

4.　　Defendant LVNV Funding LLC (hereinafter LVNV) is a limited liability company chartered under Delaware law, and conducts collection efforts against Kansas consumers.

### Factual Allegations Common to all Counts

5.　　LVNV is engaged in the business of purchasing defaulted and charged-off consumer credit card debts from various banks, retailers and credit card companies.

6.　　Upon information and belief, LVNV pays less than ten cents on the dollar for the debts it purchases and LVNV receives very little information concerning the basis of the account or calculation of the amount allegedly due.

7.　　Upon information and belief, LVNV receives a disclaimer from the creditors from whom it purchases the allegedly defaulted debt indicating that the accounts are not warranted as to accuracy.

2

8.     Upon information and belief, LVNV does no further investigation to assure the accuracy of the alleged debts.

9.     Upon information and belief, the balances of these defaulted consumer credit card obligations contain interest provisions in excess of 12%.

10.    Upon information and belief, the balances of these defaulted consumer credit card obligations do not exceed $75,000.00 per account.

11.    LVNV hires collection lawyers to file thousands of lawsuits in mass in Limited Actions divisions of District Courts throughout the state of Kansas without any independent investigation concerning whether the claims are warranted by existing law or whether the factual contentions have any evidentiary support.

12.    LVNV has filed over 5,000 lawsuits against Kansas residents in the past four years in such a manner.

13.    If the debtor appears and contests the allegations, LVNV often will dismiss the matter without order of the court or consent of the opposing party.

14.    LVNV purportedly purchased Plaintiff Curnal's account and, as an assignee, subsequently brought a lawsuit against Ms. Curnal to collect a supervised loan.

15.    On May 28, 2008, LVNV filed a lawsuit in Wyandotte County District Court Limited Actions Division in case number 08-LM-005562 against Ms. Curnal.

16.    Summons was issued on July 3, 2008 and served upon Ms. Curnal on July 7, 2008.

17.    Ms. Curnal filed an answer on July 14, 2008.

18.    LVNV filed a motion for summary judgment on September 10, 2008.

3

19.     On December 30, 2008, judgment was issued in favor of LVNV against Ms. Curnal in the amount of $1,205.22.

20.     LVNV subsequently and successfully garnished the wages of plaintiff to satisfy the judgment. It filed a satisfaction of judgment on June 6, 2010.

21.     Plaintiff resides and is employed in Wyandotte County, Kansas.

22.     On the date that the lawsuit against plaintiff was filed, LVNV did not hold a supervised lender's license pursuant to K.S.A. §16a-2-301.

23.     LVNV did not apply for a supervised lender's license pursuant to K.S.A. §16a-2-301 within three months of filing the lawsuit against plaintiff.

24.     LVNV applied for a supervised lender's license with the Kansas Office of the Bank Commissioner on January 6, 2010.

25.     LVNV was issued a supervised lender's license from the Kansas Office of the Bank Commissioner on March 17, 2010.

26.     Plaintiff Curnal alleges that LVNV purchases charged-off consumer loans with interest rates in excess of 12% per annum; that LVNV uniformly and routinely collected or attempted to collect such debt in Kansas without first obtaining a supervised lending license; that LVNV's actions violate the Kansas Uniform Consumer Credit Code (hereafter KUCCC), the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seg. (hereafter FDCPA) and the Kansas Consumer Protection Act (hereafter KCPA), as more fully set forth below.

27.     Ms. Curnal further alleges that LVNV, after obtaining judgments for assigned debts, unlawfully requests and collects wage garnishments on assigned debts from consumer defendants in violation of K.S.A. §60-2310(d).

## CLASS ALLEGATIONS

28.     Plaintiff Curnal, on her own behalf and on behalf of all others similarly situated, incorporates the preceding paragraphs.

29.     The class members of which Plaintiff Curnal is similarly situated falls into two classes.

30.     CLASS A consists of all natural persons in the state of Kansas against whom LVNV has received payments from by virtue of collection efforts by LVNV on a supervised loan as defined in K.S.A. §16a-1-301(44) in which (1) the demand for payment or lawsuit by LVNV commenced before October 6, 2009 and (2) the last payment on said account was made by said person after October 8, 2007.

31.     CLASS B consists of all natural persons in the state of Kansas from whom LVNV collected money via wage garnishment proceedings since September 15, 2007.

32.     The proposed class is so numerous that joinder of all members is impractical. On information and belief, over 5,000 persons fall within the definition of the Class alleged in paragraph 30.

33.     The claims of Ms. Curnal are common in that common fact and law prevail among Ms. Curnal and the class members.

34.     The claims of Ms. Curnal are typical of the claims of the classes.

35.     Ms. Curnal will fairly and adequately represent and protect the interests of the classes.

36.     The prosecution of separate actions by all the class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class and establish incompatible standards of conduct for the party opposing the class.

5

37.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT I
### DECLARATORY JUDGMENT
**(Pertinent to Class A and B)**

COMES NOW Plaintiff Curnal, and as for Count I against Defendant LVNV, states and alleges as follows:

38.     Plaintiff Curnal, on her own behalf and on behalf of all others similarly situated, incorporates the preceding paragraphs.

39.     Comes now plaintiff, pursuant to K.S.A. §60-257 and requests the Court issue a Declaratory Judgment finding the following:

40.     LVNV is an assignee of supervised lenders as defined by K.S.A. §16a-1-301(39).

41.     K.S.A. §16a-2-301, entitled *Authority to Make Loans*, provides as follows:

> **unless a person is a supervised financial organization; or has first obtained a license from the administrator authorizing such person to make supervised loans; or is the federal deposit insurance corporation acting in its corporate capacity or as receiver, such person shall not engage in the business of:**
> **(b) taking assignments of and directly or indirectly, including through the use of servicing contracts or otherwise, undertaking collection of payments from debtors arising from supervised loans, but such person may collect for three months without a license if the person promptly applies for a license and such person's application has not been denied; or**
> **(c) taking assignments of and directly or indirectly, including through the use of servicing contracts or otherwise, enforcing rights against debtors arising from supervised loans, but such person may enforce for three months without a license if the person promptly applies for a license and such person's application has not been denied.**

42.     LVNV is not a supervised financial organization.

6

43.     LVNV did not apply for a supervised lending license with the Kansas Office of the Bank Commissioner until January 6, 2010.

44.     All collection efforts by LVNV, including demand for payment and lawsuits filed prior to October 6, 2009 were filed against Kansas consumers without LVNV being properly licensed pursuant to K.S.A. §16a-2-301 or having applied for a license within three months after the filing of said cases.

45.     LVNV did not have a supervised lending license when it brought the lawsuit against Ms. Curnal.

46.     LVNV did not apply for a supervised lending license from the Kansas Office of the State Bank Commissioner within three months of the filing of the lawsuit against Plaintiff Curnal.

47.     Upon information and belief, LVNV collected or attempted to collect supervised consumer debt throughout Kansas and is listed as plaintiff in over 5,000 lawsuits filed in Kansas prior to October 6, 2009.

48.     Pursuant to K.S.A. §16a-2-301, all collection efforts by LVNV, including demand for payment and lawsuits filed prior to October 6, 2009 were based upon legally unenforceable claims.

49.     Pursuant to K.S.A. §16a-2-301, LVNV has no legal authority to conduct or benefit from all collection efforts by LVNV, including demand for payment and lawsuits filed prior to October 6, 2009.

50.     All funds collected by LVNV to date based upon collection efforts by LVNV, including demand for payment and lawsuits filed prior to October 6, 2009 are wrongful, without legal authority, and based upon legally unenforceable claims.

WHEREFORE, plaintiff prays an Order for Declaratory Judgment as follows:

a.     LVNV has conducted direct collection efforts and filed suit against plaintiff and those similarly situated seeking direct collection and enforcement of supervised loans.

b.     LVNV has accepted funds based upon direct collection efforts and filed suit against plaintiff and those similarly situated seeking direct collection and enforcement of supervised loans.

c.     LVNV has obtained judgment against plaintiff and those similarly situated based upon enforcement of supervised loans.

d.     LVNV has garnished and otherwise collected money from plaintiff and those similarly situated based upon the supervised loans.

e.     LVNV should have been licensed prior to undertaking direct collection of those loans or should have applied for said license within three months thereafter, pursuant to K.S.A. §16a-2-301.

f.     LVNV failed to apply for a license pursuant to K.S.A. §16a-2-301 until January 6, 2010.

g.     By reason of LVNV's lack of compliance with K.S.A. §16a-2-301, LVNV was without authority to collect debts prior to October 6, 2009.

h.     By reason of LVNV's lack of compliance with K.S.A. §16a-2-301, the supervised loans were unenforceable in the hands of LVNV prior to October 6, 2009.

i.     LVNV's subsequent licensing did not cure the unenforceability of the loans in which direct collection began prior to October 6, 2009.

8

j. LVNV, as an assignee of debt, had no legal right to issue and collect from wage garnishments against class members.

k. All wage garnishments by LVNV prior to the filing of this petition were wrongful.

l. That all moneys wrongfully taken by virtue of LVNV's unenforceable collection activity and wrongful garnishments should be returned to the Court for distribution to the class members.

m. And for any further relief the court deems just and proper under the premises.

<div align="center">

**COUNT II**
**<u>VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT</u>**
**(Pertinent to Class A and B)**

</div>

COMES NOW Plaintiff Curnal, and as for Count II against Defendant LVNV, states and alleges as follows:

51. Plaintiff incorporates by reference the preceding paragraphs.

52. Defendant LVNV is a supplier as defined by K.S.A. §50-624(i)(2009) in that it engages in or enforces consumer transactions.

53. K.S.A § 50-626 (2009) provides:

**(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.**

54. K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which in pertinent part are as follows:

**(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:**

<div align="center">

9

</div>

**(1)    Representations made knowingly or with reason to know that:
(B) the supplier has a ... status ... that the supplier does not have;**

**(3)    the willful failure to state a material fact, or the willful
concealment, suppression or omission of a material fact ... [.]**

**(8)    falsely stating, knowingly or with reason to know, that a
consumer transaction involves consumer ... obligations.**

55.    LVNV purchases defaulted consumer credit card obligations and attempts

to collect on said obligations as an assignee.

56.    The defaulted credit card loans that LVNV attempts to collect, such as the one

from Ms. Curnal, is a "supervised loan" as that term is defined by K.S.A. §16a-1-301(46), in

that the debt is a consumer loan, including a loan made pursuant to open-end credit, with respect

to which the annual percentage rate exceeds 12%.

57.    Kansas law requires debt buyers to obtain a license to take assignment of or

collect on a supervised loan.  Kansas Consumer Credit Code, K.S.A. §16a-2-301 provides:

> Unless a person is a supervised financial organization; or has first obtained a
> license from the administrator authorizing such person to make supervised loans;
> or is the federal deposit insurance corporation acting in its corporate capacity or
> as receiver, such person ***shall not engage*** in the business of ...
>
> (2) ***taking assignments of and undertaking direct collection of payments from or
> enforcement of rights against debtors arising from supervised loans***, but such
> person may collect and enforce for three months without a license if the person
> promptly applies for a license and such person's application has not been denied.
> Nothing in this section shall be construed to require the licensing of an attorney
> who is forwarded contracts for collection.  (Emphasis added)

58.    LVNV was not registered or licensed with the Deputy Commissioner of the

Division of Consumer and Mortgage Lending, as required by K.S.A. §16a-2-301 to take

assignments of, or collect payments from, or enforce rights against debtors arising from

supervised loans.

59.     LVNV took assignment of supervised loans without obtaining or promptly applying for a supervised lending license.

60.     LVNV attempted to collect on a supervised loan, and enforce the rights of the original creditor against Ms. Curnal and similarly situated Kansans without obtaining or promptly applying for a supervised lending license.

61.     LVNV represented to Curnal, the class, and Kansas Courts that it had a status that it did not possess by alleging in its petitions that it was authorized to collect the debts alleged and that the debts alleged were enforceable by LVNV.

62.     LVNV falsely stated, knowingly or with reason to know, that the assigned debts it purported to hold involved consumer obligations by representing to Ms. Curnal, and similarly situated Kansans, that the class members owed LVNV a debt that was legally unenforceable and which LVNV had no legal authority to collect.

63.     LVNV omitted a material fact and represented that it had the right to pursue its collections by:

> a.     demanding payment in dunning letters;
>
> b.     filing petitions in Kansas District Courts;
>
> c.     using the subpoena power of the court;
>
> d.     issuing discovery under the Kansas Rules of Civil Procedure;
>
> e.     obtaining default judgments;
>
> f.     obtaining judgments by presentation of evidence to the Court;
>
> g.     using the subpoena power of the Court to issue Orders in Aid of Execution, including issuance of bench warrants against consumers;
>
> h.     obtaining wage garnishments precluded by K.S.A. §60-2310(d); and

11

    i.     obtaining garnishments against consumers based upon orders of the Court.

64.    LVNV's acts and omissions as described above were deceptive in violation of K.S.A. §50-626.

65.    Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

66.    Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

67.    As a result of Defendant LVNV's deceptive acts, Ms. Curnal and similarly situated Kansans have been harmed and incurred damages in the form of lost moneys and wrongfully issued judgments against them.

WHEREFORE, Plaintiff Curnal, on behalf of herself and similarly situated Kansans, respectfully prays for judgment on Count II against Defendant LVNV Funding LLC and requests the Court:

        a.     issue a declaratory judgment that LVNV Funding LLC has violated the Kansas Consumer Protection Act;

        b.     award actual damages to Ms. Curnal and similarly situated Kansans;

        c.     issue an injunction against LVNV precluding it from continuing to collect from the members of the class;

        d.     award costs and reasonable attorneys' fees, pursuant to K.S.A. 50-634; and

        e.     such other and further relief as the Court deems just and equitable.

## COUNT III
## WRONGFUL GARNISHMENT
### (Pertinent to Class B)

COMES NOW Plaintiff Curnal, and as for Count III against Defendant LVNV, states and alleges as follows:

68.     Plaintiff incorporates by reference the preceding paragraphs.

69.     LVNV is an assignee of loans and debts upon which it based its lawsuits against the plaintiff and those similarly situated.

70.     LVNV has issued wage garnishments against plaintiff and those similarly situated in an effort to collect on judgments taken against plaintiff and those similarly situated.

71.     LVNV has threatened plaintiff and those similarly situated with wage garnishments in order to induce payment on judgments by plaintiff and those similarly situated.

72.     K.S.A. §60-2310(d) provides as follows:

**d) Assignment of account. If any person, firm or corporation sells or assigns an account to any person or collecting agency, that person, firm or corporation or their assignees shall *not* have or be entitled to the benefits of wage garnishment. The provision of this subsection shall not apply to the following:**

**(1) Assignments of support rights to the secretary of Social and Rehabilitation Services pursuant to K.S.A. 39-709 and 39-756, and amendments thereto, and support enforcement actions conducted by court trustees pursuant to K.S.A. 23-492, et seq., and amendments thereto;**

**2) support rights which have been assigned to any other state pursuant to title IV-D of the federal Social Security Act (42 U.S.C. § 651 et seq.);**

**(3) assignments of accounts receivable or taxes receivable to the director of accounts and reports made under K.S.A. 75-3728b and amendments thereto; or**

**(4) collections pursuant to contracts entered into in accordance with K.S.A. 75-719 and amendments thereto involving the collection of restitution or debts to district courts**

73.     K.S.A. §60-2310(d) prohibits wage garnishments by assignees such as LVNV.

74.     None of the exceptions to the prohibition of wage garnishments by assignees applies to LVNV.

75.     LVNV's wage garnishments against plaintiff and those similarly situated were in violation of the law.

76.     LVNV's wage garnishments against plaintiff and those similarly situated were wrongful.

77.     Plaintiff and those similarly situated have suffered damages as a result of said wrongful garnishment in the form of lost wages, which should be returned.

WHEREFORE, plaintiff prays that the Court enter judgment on Count III in her favor and in favor of all similarly situated Kansans and against Defendant LVNV in an amount determined at trial for funds paid by plaintiff and those similarly situated; for costs incurred and expended; and for such further relief as the Court deems just and proper.

### COUNT IV
### ABUSE OF PROCESS
**(Pertinent to Class A and B)**

COMES NOW Plaintiff Curnal, and as for Count IV against Defendant LVNV, states and alleges as follows:

78.     Plaintiff incorporates by reference the preceding paragraphs.

79.     As is alleged hereinabove, defendant's business is to engage in the practice of filing lawsuits in the State of Kansas.

80.     As alleged hereinabove, defendant has filed thousands of lawsuits without legal authority based upon unenforceable debts.

81.     The defendant made an illegal, improper and unauthorized use of the process by:

a.      Filing lawsuits against thousands of Kansas consumers when defendant knew, or should have known, that LVNV had no legal authority to enforce the debt which served as the basis for the judgment.

b.      Filing lawsuits against thousands of Kansas consumers when defendant knew, or should have known, that the debt which served as the basis for the judgment was unenforceable.

c.      Obtaining a judgment when defendant knew, or should have known, that LVNV had no legal authority to enforce the debt which served as the basis for the judgment; or should have known that the debt which served as the basis for the judgment was unenforceable.

d.      Submitting pleadings and affidavits to the Court that were false in stating that LVNV was legally entitled to enforce the debt.

e.      Obtaining earnings and non-earnings garnishments, using the power of the court to institute debtor's examinations and threaten consumers with court action while defendant knew, or should have known, that LVNV had no legal authority to enforce the debt which served as the basis for the judgment; or should have known that the debt which served as the basis for the judgment was unenforceable.

f.      Obtaining a judgment when defendant knew, or should have known, that LVNV had no legal authority to enforce the debt which served as the basis for the judgment; or should have known that the debt which served as the basis for the judgment was unenforceable.

g.      Obtaining a judgment when defendant knew, or should have known, that

15

the debt which served as the basis for the judgment was unenforceable.

    h.    Issuing wage garnishments on assigned debt in violation of the law.

82.    The defendant had knowledge of the illegal, improper and unauthorized use of the process.

83.    The above-described misuse of process was done for the purpose of causing great inconvenience and causing great hardship to the plaintiffs, who were wrongfully sued, now have judgments against them, and some of who were wrongfully garnished.

84.    The plaintiff and those similarly situated sustained damage as a result.

WHEREFORE, plaintiff prays that the Court enter judgment in her favor and in favor of all similarly situated Kansans and against Defendant LVNV for funds collected from the class; for costs incurred and expended; and for such further relief as the Court deems just and proper.

<div align="center">

**COUNT V**
**CONVERSION**
**(Pertinent to Class A and B)**

</div>

COMES NOW Plaintiff Curnal, and as for Count V against Defendant LVNV, states and alleges as follows:

85.    Plaintiff incorporates by reference the preceding paragraphs.

86.    Without right or entitlement, defendant unlawfully collected money from the plaintiff and those class members similarly situated.

87.    By virtue of defendant's actions, it has deprived plaintiff and those similarly situated of possession and wrongfully collected funds.

88.    As a result, plaintiff and those similarly situated have suffered and continue to suffer damages.

WHEREFORE, plaintiff prays that the Court enter judgment in her favor and in favor of

all similarly situated Kansans and against Defendant LVNV for funds collected from the class;

for costs incurred and expended; and for such further relief as the Court deems just and proper.

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFFS

By: _____
Charles D. Kugler #703
A.J. Stecklein #16330
CONSUMER LEGAL CLINIC LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 371-1930
Facsimile: (913) 371-0147
CDKugler@yahoo.com
AJStecklein@gmail.com

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on each and every count of her petition.

_____
A.J. Stecklein

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL DEPARTMENT

|  |  |
|---|---|
| **RAMONA CURNAL**<br>**and those similarly situated,**<br><br><div align="right">**Plaintiff,**</div><br>**vs.**<br>**LVNV FUNDING LLC**<br>**Registered Agent: The Corporation Trust Center**<br>**1209 Orange Street**<br>**Wilmington, Delaware 19801,**<br><br><div align="right">**Defendant.**</div> | Case Number: _lVCV/CC 7_<br><br>Division: __l__<br><br>**Class Action Petition**<br><br>**Chapter 60**<br><br>**Jury Trial Demanded** |

### SUMMONS

TO: LVNV Funding LLC, the above named defendant

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney as follows:

> Charles D. Kugler
> 748 Ann Avenue
> Kansas City, Kansas 66101

Within 30 days of service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

**KATHLEEN M. COLLINS**

Clerk of District Court

(Seal)

Dated ___10/8/10___

by ___NO___
Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
_____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____ day of _____ 20___, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
_____

7. at: _____

8. **NO SERVICE.** The following Defendants were not found in this county:
_____

I certify, under penalty of perjury, that the foregoing is true and correct. Executed on this _____ day of _____, 20___.

_____
Signature and Title of Officer

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### CIVIL DEPARTMENT

| | |
|---|---|
| **RAMONA CURNAL**<br>**and those similarly situated,** | |
| **Plaintiff,** | Case Number: LOCV/0C67 |
| **vs.** | Division: 6 |
| **LVNV FUNDING LLC**<br>**Registered Agent: The Corporation Trust Center**<br>**1209 Orange Street**<br>**Wilmington, Delaware 19801,** | **Class Action Petition**<br><br>**Chapter 60** |
| **Defendant.** | **Jury Trial Demanded** |

### SUMMONS

TO: LVNV Funding LLC, the above named defendant

    You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney as follows:

        Charles D. Kugler
        748 Ann Avenue
        Kansas City, Kansas 66101

Within 30 days of service of this summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

**KATHLEEN M. COLLINS**
Clerk of District Court

(Seal)

Dated 10/8/10

by
Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
   Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
   Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
   Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
   Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
   _____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____ day of _____ 20___, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
   _____

7. at: _____

8. **NO SERVICE.** The following Defendants were not found in this county:
   _____

   I certify, under penalty of perjury, that the foregoing is true and correct. Executed on this _____ day of _____, 20___.

   _____
   Signature and Title of Officer

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL DEPARTMENT

**RAMONA CURNAL**
**and those similarly situated,**

Plaintiff,

**vs.**

**LVNV FUNDING LLC**
**Registered Agent: The Corporation Trust Center**
**1209 Orange Street**
**Wilmington, Delaware 19801,**

Defendant.

Case Number: 10CV1001

Division: 6

**Class Action Petition**

**Chapter 60**

**Jury Trial Demanded**

## SUMMONS

TO: LVNV Funding LLC, the above named defendant

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney as follows:

Charles D. Kugler
748 Ann Avenue
Kansas City, Kansas 66101

Within 30 days of service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

(Seal)

Dated  10/8/10

**KATHLEEN M. COLLINS**
Clerk of District Court

by _____
Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
_____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____ day of _____ 20___, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
_____

7. at: _____

8. **NO SERVICE.** The following Defendants were not found in this county:
_____

I certify, under penalty of perjury, that the foregoing is true and correct. Executed on this _____ day of _____, 20___.

_____
Signature and Title of Officer