## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RAMONA CURNAL,
Individually and on behalf of all others
similarly situated,

                              *Plaintiffs*,


vs.                                                    Case No. 10-CV-02610-EFM/JPO


LVNV FUNDING LLC,



                              *Defendant*.


## MEMORANDUM AND ORDER

Plaintiff Ramona Curnal, individually and on behalf of all others similarly situated originally filed suit in Wyandotte County District Court.  Thereafter, Defendant removed the case pursuant to a federal question and the Class Action Fairness Act (CAFA).  This matter is presently before the Court on Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Remand (Doc. 9).  For the following reasons, the Court grants Plaintiff's Motion to Remand and denies as moot Defendant's Motion to Dismiss.

### I.  Factual and Procedural Background

The Plaintiff's current action stems from Defendant's prior judgment against Plaintiff in a separate action in state court.  The prior judgment was entered against Plaintiff when Defendant, a collection agency, purchased Plaintiff's account and filed a limited action lawsuit in state court to collect judgment.  The state court granted Defendant's motion for summary judgment on December

30, 2008, awarding defendant $1,205.22.  Defendant subsequently garnished Plaintiff's wages and ultimately filed a satisfaction of judgment in state court on June 6, 2010. Four months later, on October 8, 2010, Plaintiff filed this action to recover the judgment rendered against her, arguing that Defendant collected from her without proper licensing.[1]

After Plaintiff filed the state court petition in Wyandotte County, the Defendant filed its Notice of Removal to this Court on November 10, 2010.  Defendant claimed this Court has original jurisdiction because the Plaintiff's original state court petition created: (1) diversity jurisdiction meeting CAFA's $5 million amount in controversy requirement, and (2) a federal question by the plaintiff's reference to the Fair Debt Collection Practices Act[2] (FDCPA).[3]  Plaintiff filed its Motion to Remand, asserting this Court lacks subject-matter jurisdiction because: (1) the defendant has not met its burden showing the amount in controversy exceeds either $75,000 per named plaintiff or $5 million cumulatively, (2)  there is no federal question, and (3) the *Rooker-Feldman* Doctrine prohibits this Court's jurisdiction.  Defendant separately seeks dismissal of Plaintiff's First Amended Complaint.

## II.  Legal Standards

Federal removal jurisdiction is statutory, limited in nature, and should be strictly construed.[4]

---

[1] A supervised lending license is required under the Kansas Uniform Consumer Credit Code and the Fair Debt Collection Practices Act to collect on debts with credit rates in excess of 12% per annum.  The defendant has not claimed that it had a license or that it collected on debts with interest rates that did not exceed 12%.  Plaintiff alleges wage garnishments issued by the state court were wrongful and requests that all moneys wrongfully taken by reason of the state court judgments be returned to the court for distribution to the class members.

[2] 15 U.S.C. § 1992 (2006).

[3] Plaintiff's state court petition alleges LVNV violated the  Kansas Uniform Consumer Credit Code K.S.A. § 16a-1-301 and the Fair Debt Collection Practices Act 15 U.S.C. § 1992.  The Plaintiff's First Amended Complaint removed the reference to the FDCPA.

[4] *First Nat'l Bank & Trust v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991).

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[5]  "There is a presumption against removal jurisdiction," and the burden is on the removing party to show the propriety of the removal.[6]  Any doubts about the validity of removal are resolved in favor of remand.[7]  A removing party must meet its burden in the notice of removal itself and not a later document.[8]  "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded."[9]

## III.  Analysis

### 1.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[10]  The *Rooker-Feldman* doctrine prohibits a lower federal court from considering both claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.[11]  "A claim is inextricably intertwined if the state-court judgment *caused*, actually and proximately, the *injury* for which the federal court plaintiff seeks redress."[12]

---

[5]28 U.S.C. § 1441(a) (2006).

[6]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[7]*Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[8]*Laughlin*, 50 F.3d at 873.

[9]§ 1447(c).

[10] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1521-22 (2005).

[11] *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) *cert. denied*, 549 U.S. 1209 (2007).

[12] *Id.* (internal quotation omitted) (emphasis in original).

Plaintiff claims that Defendant was not properly licensed under state law to collect on loans, and thus all of Defendant's collection activities were improper.  These claims are inextricably intertwined with the prior state action in which Defendant collected on a loan from Plaintiff.  The relief requested by Plaintiff would require this court to undermine the state court judgment in the loan collection action.  Therefore, the *Rooker-Feldman* doctrine applies and this court must remand.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is hereby **GRANTED.**

**IT IF FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE